UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES -- GENERAL

Case No.   **CV 10-00141-MWF (AJWx)**          Date:  **December 19, 2012**

Title:     Alex Borden -*v*- Devin Horwitz, et al.

---

PRESENT: HONORABLE MICHAEL W. FITZGERALD, U.S. DISTRICT JUDGE

    Rita Sanchez                               None Present
    Courtroom Deputy                   Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                                  None Present

PROCEEDINGS (IN CHAMBERS):   SUPPLEMENTAL ORDER GRANTING DEFENDANT DAH, INC.'S MOTION FOR SUMMARY JUDGMENT [165], AND DISMISSING ACTION WITHOUT PREJUDICE

      On January 27, 2010, Plaintiff Alex R. Borden filed a First Amended Complaint ("FAC"), alleging three claims for relief. (Docket No. 7). On July 23, 2012, Defendant DAH, Inc. filed a Motion for Summary Judgment (the "Motion"). (Docket No. 165). On September 20, 2012, the Court granted in part the Motion (the "September 20 Order"). (Docket No. 182). The Court dismissed the first claim for relief for copyright infringement, ruling that Borden lacked standing to bring this claim because the relevant works never were registered. (*Id.* at 8).

      In addition, the Court ordered supplemental briefing on Borden's two remaining claims, which are based on California law:  the second claim for declaratory and injunctive relief as to the invalidity of the so-called "2005 Agreement"; and the third claim for restitution. (*Id.* at 8-9). The parties have submitted this supplemental briefing. (Docket Nos. 183-87). The Court has read and considered the supplemental briefing on this Motion and deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES -- GENERAL

Case No.  **CV 10-00141-MWF (AJWx)**          Date:  **December 19, 2012**

Title:     Alex Borden -*v*- Devin Horwitz, et al.

---

    This Order presumes a familiarity with the September 20 Order and consequently will not repeat the relevant facts or procedural history.

    As a threshold matter, it is clear that the Court has subject matter jurisdiction over this action based on Borden's claim for copyright infringement. *See Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1246, 176 L. Ed. 2d 18 (2010) ("Federal district courts have subject-matter jurisdiction over copyright infringement actions based on 28 U.S.C. §§ 1331 and 1338."). Jurisdiction remains after the Court's grant of summary judgment on the first claim. *See id.* at 1247 ("The registration requirement . . . imposes a type of precondition to suit that supports nonjurisdictional treatment under our precedents."). Likewise, it is clear that the Court can exercise supplemental jurisdiction over Borden's state law claims pursuant to 28 U.S.C. § 1367.

    According to Borden's second claim for relief, a "judicial determination and declaration is necessary and appropriate at this time as to the import and effect of the [2005] Agreement and the respective rights of the parties thereunder, so that [Decedent James Yancey's Estate] is not further burdened by the unsettled state of affairs of the Decedent's *intellectual property rights* and so the Estate may exercise its right to contract with future parties without interference by Defendants." (FAC ¶ 49 (emphasis added)). Essentially, Borden seeks a declaration that, because the 2005 Agreement is unenforceable, Defendants have no right to Yancey's subject works; or, stated differently, that Defendants have infringed on Yancey's works because the 2005 Agreement did not grant Defendants any rights to Yancey's works.

    In *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542 (9th Cir. 1990), the parties entered into a written license agreement for the television rights to certain films. *Id.* at 1544. The plaintiff-appellee filed a lawsuit seeking a declaration that the licensing agreement would expire on a certain date and that it had valid copyrights to the films. *Id.* at 1544-45. The defendant-appellant asserted an affirmative defense that the plaintiff did not own valid copyrights in a number of the relevant films. *Id.* at 1545. The district court struck

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 10-00141-MWF (AJWx)**                Date:  **December 19, 2012**

Title:      Alex Borden -*v*- Devin Horwitz, et al.

---

this affirmative defense and granted judgment in favor of the plaintiff. *Id.* at 1545-46.

The Ninth Circuit reversed, concluding that the "district court erred in striking as an affirmative defense to [the] declaratory judgment action [the defendant's] contention that [the plaintiff] does not own valid copyrights to the [films]. . . . if the copyrights are invalid, there would be no 'actual controversy' between these parties as required for a declaratory judgment." *Id.* at 1553 ("It is clear that an assertion that [the plaintiff's] copyrights to the [films] were invalid would be a proper defense to a claim that [the defendant] was infringing the copyrights or owed royalties under the license agreement.").

The Ninth Circuit's reasoning is instructive:

> [T]he validity of the copyrights is material to the outcome of the declaratory relief action before us. The reason is as follows: *if the copyrights are invalid, the expiration date of the license agreement is of no practical consequence; if [the plaintiff] has no property interest to protect, no substantive rights of the parties would be affected by a declaration as to when the license agreement ends*. In other words, there would be no actual case or controversy between [the defendant and the plaintiff]; in such circumstances there is no basis for a judicial declaration as to the expiration date of the license agreement.

*Id.* at 1553-54 (emphasis added).

Here, the Court already has concluded that Borden lacks standing to pursue his claim for copyright infringement. Borden's claim for declaratory relief is necessarily dependent on his claim for copyright infringement because Borden is seeking a declaration that the 2005 Agreement did not grant Defendants the right to use the relevant works. But, because Borden cannot sue Defendants for infringement, a determination as to the enforceability of the 2005 Agreement would be of "no practical consequence." Consequently, there is "no actual case or controversy" that would support Borden's second claim for relief. *See id.* at 1554

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES -- GENERAL

Case No.   **CV 10-00141-MWF (AJWx)**                 Date:  **December 19, 2012**

Title:     Alex Borden -*v*- Devin Horwitz, et al.

---

(distinguishing situation in which the "contract could still have had legal consequences, regardless of the validity or invalidity of the copyrights").

Accordingly, the Motion (Docket No. 165) is GRANTED as to Borden's second claim for relief for a declaratory judgment.

Furthermore, it is clear that the Court has the authority to adjudicate the question whether Borden's third claim for relief for restitution is preempted. *See, e.g.*, *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212 (9th Cir. 1998) ("The district court granted summary judgment on the [state law] unfair competition claim on the merits and because it was preempted.  We hold that the claim is preempted by the federal Copyright Act and need not reach the merits.").

"A state law cause of action is preempted by the Copyright Act if two elements are present.  First, the rights that a plaintiff asserts under state law must be 'rights that are equivalent' to those protected by the Copyright Act.  Second, the work involved must fall within the 'subject matter' of the Copyright Act . . . ." *Id.* (citations omitted).

There can be no dispute that Borden's claim for restitution is preempted.  Taking the elements in reverse order, Borden's claim for copyright infringement was premised on the fact that Yancey's subject works were copyrightable.  *See* 17 U.S.C. § 102 ("Copyright protection subsists [in] . . . musical works, including any accompanying words; [and] . . . sound recordings . . . .").

With respect to the first element, "[t]o survive preemption, the state cause of action must protect rights which are qualitatively different from the copyright rights.  The state claim must have an 'extra element' which changes the nature of the action." *Del Madera Props. v. Rhodes and Gardner, Inc.*, 820 F.2d 973, 977 (overruled on other grounds) (citation omitted).

The Copyright Act "provides a copyright owner with the exclusive rights of reproduction, preparation of derivative works, distribution, and display." *Id.* (citing 17 U.S.C. § 106).  Borden seeks restitution for Defendants' "unlawful sales

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES -- GENERAL

Case No.   **CV 10-00141-MWF (AJWx)**             Date:  **December 19, 2012**

Title:     Alex Borden -*v*- Devin Horwitz, et al.

---

and licens[ing]" and "distribution" of Yancey's subject works. (*See* FAC ¶¶ 53-54). In essence, Borden seeks "restitution" based on Defendants' alleged infringement. These rights are not qualitatively different, and Borden's restitution claim does not have an "extra element" that "changes the nature" of the action. *See Del Madera*, 820 F.2d at 977 (concluding that the plaintiff's state law unjust enrichment claim was preempted because the claim "is equivalent to the protection provided by section 106 of the Copyright Act").

Accordingly, the Motion (Docket No. 165) is GRANTED as to Borden's third claim for relief for restitution.

Tellingly, Borden appears to concede that his restitution claim is preempted and instead argues that Defendants violated California Civil Code § 3344.1(a), which protects a right of publicity. (*See* Supp. Opp. at 6; *see also id.* at 7 ("Plaintiff has a claim against Defendants for unauthorized use . . . of Decedent's image, likeness, name, and photographs on merchandise absent prior consent.").

However, no Section 3344.1 claim for violation of Yancey's right of publicity is pleaded in the FAC. And the Court now has granted summary judgment as to all of the claims that are pleaded in the FAC.

Accordingly, this action is hereby DISMISSED. Dismissal is ***without prejudice*** as to a Section 3344.1 claim, or any other potential claim for relief under California law, if Borden were to file a complaint in California Superior Court. The Court makes no finding with respect to the questions under California law whether Borden adequately can allege a violation of Yancey's right of publicity or whether the 2005 Agreement (or any other alleged agreement) may bear on any such claim.

IT IS SO ORDERED.